Good morning. Jason Nielsen on behalf of Mr. Cruz Rodriguez. May it please the court and counsel. I'm here today for my client Alvaro Cruz Rodriguez. He unfortunately cannot be here today as he is in Mexico having been deported from the United States after the case was removed. That is related to the first case before us. The second case was decided by the board after his removal. If the standard of review in this matter, matters of law and constitutional issues are reviewed de novo by this court regarding the motion reopen and reconsider a part of the 1831-64 are reviewed for abuse of discretion. I believe that's ghoulied from this circuit. And the interpretation of the board by the board of The heart of this is procedural due process and were the proceedings before the agency fair and just. In this case, they were not. From the outset, Mr. Cruz Rodriguez was detained in 2017 by Dakota County in Dakota County by the West St. Paul Police Department upon allegations by third parties of domestic abuse. Just Mr. Cruz Rodriguez and his wife owned a restaurant in West St. Paul. Mr. Cruz Rodriguez came here as a minor. He began working here in the United States, built a family, built his life. And then in his 40s, this event occurred. ICE detained him, took him from the jail in Dakota County and then did not permit him to appear in his criminal matter. Despite four orders from the state of Minnesota ordering the Department of Homeland Security and ICE to produce him for court, their excuse was we don't have time. We don't have time to afford this individual his constitutional right to appear in criminal court that let these allegations, which were false, untrue and not substantiated by the evidence to be used against him, causing him to have to to make himself prove himself innocent of the allegations. But the IJ and the board could consider the underlying conduct correct, regardless of any conviction. They could, Your Honor. Yes, that's correct. However, the underlying conduct testified to Mr. Cruz Rodriguez described in the court the underlying contact and how he differed from what was in the police reports. What wasn't permitted was his wife's testimony. Because of the Danko that was put in place, which is an thing in state court under Minnesota Statute 692.75, the Danko was in place. She was not permitted in court. What was in place? A no contact order. I'm sorry, Your Honor. There's a no contact order. So the immigration judges will not allow her to come to court to testify. Is that in the record? That seemed interesting. I understand a no contact order between him and his wife, given the charges, but why couldn't she come into court as a witness? Because they cannot, by the terms of the no contact order, be in the same vicinity of each other. It is in the record. I mean, did the alien ask to have her heard without him in the room? They will not allow it. Leave his right to presence so she could be heard? They will not allow it, Your Honor. What do you mean, they? Who won't? The immigration judges. I've had immigration, I mean, it's not in the record, but I've had immigration judges be very adamant that that person can't be in the building. They will not allow it. Well, you've got to make a record in this case of what you did to try to have her We had, pursuant to the state statute, I, as an attorney, under Subdivision 2, Part 2, a person who knows there's a no contact order in place, I cannot contact that person. The plain language of the state statute is very clear. I can't contact them. Just as a matter of information, so if you're representing someone, if you're representing him in state court, there's no way for you to interview the witness, the key witness, if there's a no contact order. I can discuss it with the prosecuting authority. What does that mean? I could talk to the prosecutor in a state criminal case about whether or not I can talk to their witness and have the permission to speak with them. They're the ones who are controlling their witnesses in that context. In this context, because there's a no contact order and my communication with the alleged victim could be construed as communicating through, be construed, I'm not permitted to do so. I'm not permitted to call her up and say, can I talk to you about what these allegations, a third party made against my client, who is also the defendant in that case, made against you. So I cannot do that. And furthermore, under Chevron, I don't think the court... You just said that you could do it if you worked through the state prosecutor. Right, but I was not a party, I was not, I couldn't do it as his immigration attorney. How do you know? Did you contact the state prosecutor and say, this person has material evidence in an immigration proceeding and I'd like to interview her? Did you make a record on that? I don't have a record on that, no. However, what I did try and try and try to do was have him produced at the criminal proceedings before the judge and resolve it. I could communicate with the prosecutor. Actually, I did communicate, I retract that, your honor, there is a record. It is in the record. I had email sent. It's, I can get you the reference, but it is there. I did file for writs requesting her production. Where? With the state of Minnesota. No, I mean, production where? You wanted her produced? I wanted him produced. I apologize if I said her. I wanted him produced so we could... You wanted him produced in the state court. It's a constitutional right to be at the criminal proceedings, which he has a constitutional right to be at and ICE did not... How does the fact that ICE didn't bring him there relate to what the IJ did? How does that create an error by the IJ or the board rather? The board stated that the board, especially on the motion remand stated evidence was not previously available. That evidence being statements and letters and affidavits signed by the alleged victim Rosa. It was not saying that was previously available, I apologize. The evidence was not previously available because we could not resolve the matter of Danko, the matter of communicating with her regarding the situation circumstances about their marriage for 20 plus years and their children, which inhibited the ability of him to have a fair, a fundamentally fair hearing to fully present and litigate his requests for cancellation of removal. And then it was fundamentally unfair as this court has held in Freeman v. Holder, which cites again the Kipcomboy decision, due process violations occur when there's fundamental unfairness and a court cannot prohibit the respondent from presenting substantial evidence, substantive evidence in support of his claim for relief. Here the IJ determined he had met his burden for cancellation that the board reversed based on number one, his tax returns. His tax returns, which are outside the scope of the the expertise of the Board of Immigration Appeals and the immigration judge. They are not and should not be allowed, that decision should not be allowed Chevron deference. He testified that he went to a preparer. The person prepared his taxes based on what he had told. That these people claimed as dependents were supported more than 50 percent by his finances. They were in Mexico. That's permitted by the IRS under regulations we had submitted into evidence. And so, but it was a continual argument of the department and the respondents in this matter that this was tax fraud. Immigration judge Wood correctly noted that tax law is a very complex matter and it's a very convoluted complex issue and thus we it would require some sort of expert testimony and it's outside the purview of the board. In addition, the I just want to make a point on throughout their reply responsive briefs. The respondent argues this course does not have jurisdiction due to the fact that cancellation under 42b is involves discretionary relief. Again, discretionary relief we can assert that his constitutional rights were impeded again under Friedman v. Holder and Caballero-Martinez v. Barr just decided by this court April 3rd 2019 that his denial of his opportunity to present a full to fully present and litigate his request for these for this relief and the evidence that would have been submitted would have likely changed the outcome. That cannot be sustained and so the argument that this is not before the court and the court does not have jurisdiction is not true. The board even acknowledges that in the in their decision on the motion to reopen quote this issue regarding ICE and their violations of law the lawful orders of the state of Minnesota is beyond the purview of the board. In fact, they're going and furthermore just to point out to the court on if the they make a statement the respondents state that the issue is not exhausted before the board I would submit that we did raise the due process arguments before the board before the IJ furthermore the U.S. Supreme Court in Sims v. Apfel APFL 530 U.S. 103 from 2000 discusses administrative exhaustion versus issue exhaustion in that we fully went through the administrative exhaustion part and that issue exhaustion is not required for this court to take jurisdiction over our due process arguments. And lastly is that there's an issue about sovereign immunity, qualified immunity with the department and the respondents acting in violation of law. They violated if any individual were to walk in and just flagrantly disregard a order of the state of Minnesota they'd be the agents for ICE in this matter acted outside of their constitutionally mandated authority. They have the right to detain and hold aliens who are in violation of the law which I will concur that the petitioner is in this matter was in this matter but they don't have authority to deny him his constitutional rights in dealing with his criminal matters in the state of Minnesota and there's nothing more right now I'll reserve the rest for. Very well you may. Ms. Wellhoff we'll hear from you. Good morning Ann Wellhoff for respondent United States Attorney General Barr. Before this court is our two decisions. The underlying merits decision in this case dated February 28th. The board did two things in that decision. It made two dispositive independently dispositive rulings. One it held that on the facts and circumstances of this case the petitioner did not warrant as a matter of discretion the relief in the form of cancellation of removal. Additionally the board also said that he did not warrant it as a matter of the statute. He didn't comply with the statutory requirements. Either one of those would fully dispose of his cancellation application. When you say the statutory requirements are you talking about the good moral character conclusion? Yes the board held that he did not satisfy that under the catch-all provision of section 1101 F. There's several categorical exclusions but they're not exclusive. Can I ask you about that the board says that it reviews the IJ's finding underlying that for clearly erroneous? Sure and if the the ultimate answer to the question whether he meets the legal requirements for cancellation is a legal question but any fact factual findings that need be made en route to deciding that are reviewed for clear clearly erroneous and would be before the court here on substantial evidence. Did in your opinion do you think that the board did that? Did it did it come out and expressly say where it disagreed with the fact finding of the IJ and where? I believe that the board did not disagree with the fact finding all the board disagreed with the weight to put on the evidence and the ultimate question of whether or not he was entitled to discretionary relief but the facts were there was no board didn't make any new or different fact findings in fact the the opposing council expanded we'll discuss the the tax tax return issue did did the board expand on is that just an expansion of the fact finding you think that the IJ did? Well no I think if you read the immigration judge's decision where he did initially grant relief he says he's very disturbed by the by the way that that Mr. Cruz filed his taxes he says that I mean the record is is replete with Mr. Cruz testifying that you know he he kept all the books in his says I I was in charge of all the accounts for the restaurant yet. And all this evidence was presented to the immigration judge and the BIA. That is correct yet the the issue what he did on his tax return wasn't something technical that required expertise he called dependents his children this is not a matter this is a smart man he has run businesses he keeps accounts he's not that unsophisticated. Did he call the nieces and nephews children or did he call them dependents? He called them children on the tax return and when asked why he did this he said well we didn't know what we were doing when we first got here in America but he did this for 15 years at some weren't even in the U.S. were not his children yet he did 15 years he put that down. Secondly I would note that the immigration judge the notion that this petitioner was in any way precluded from presenting his case or appearing in his criminal case I submit it is not a colorable legal or constitutional argument and it is absolutely even if you want to consider it supported by the factual record in this case. In fact if you look at the administrative record at page 297 the judge specifically asked he says hey have to and I want to clarify Mr. Nielsen was also petitioner's attorney in the criminal case he was uniquely positioned to communicate with the prosecution and ensure whatever needed to be done on the criminal side to get his witnesses together could be done he was handling both cases the judge specifically asked Mr. Nielsen have you been trying to get petitioner out of ICE custody and back to the sheriff's custody and the petitioner's attorney says yeah I've been working with the prosecutor to do this petitioner's attorney says he's going to try and resolve all those issues with the criminal court the judge tells petitioner excuse me Mr. Nielsen that he's really concerned about this police report and he tells him that and this is on page 296 and 297 of the administrative record and I will add that the police report was Mr. Nielsen's exhibit the government didn't proffer that the judge admits the police report and he says to petitioner on page 296 and 97 says look I want to understand the nature of exactly what happened here there certainly appears to be to believe that he engaged in this conduct that's alleged beating his wife the judge says that I understand their allegations in the report but I want to understand the nature of these events and he specifically tells him I think your page numbers must be off administrative record 296 you're referring to the appendix that we have or no oh the administrative record I don't know we have an appendix but you're referring to something else oh I was referring to the administrative record as in our brief the judge you will see the judge tells petitioner attorney you need to do what you got to do to get mrs. Cruz over here to testify I know there's a protective order but you should file some kind of a motion or there's there's got to be a way to do this and petitioner's counsel says to the judge yeah I'm trying to resolve everything like that with the criminal court the immigration judge tells petitioner he asked for a copy of that protective order just because he wants to know whether it does preclude the testimony and any documents that are related to the current charges and again petitioner at least two places in the record petitioner's counsel tells the immigration judge he's working with the prosecution to secure her testimony but he never does he never shows up with it he does show up with an affidavit from her where she says she's not afraid of petitioner that's do the immigration courts not permit folks coming in if there's a no contact has that been your experiences in minnesota and it would be most prudent and the judge did that in this case if he is made aware there is a protective order he did tell petitioner I don't want her to come into the courtroom until you can secure release from that on the criminal side and I think that's prudent I don't know if I I don't know that I can say it's in the immigration judge manual but I mean that's just kind of sort of makes good sense why why does it make if if there's a protective order and they're how do you get her evidence then well he if there's a protective order saying she can't come with an x number of feet of her then he would have to go to the criminal court and say my hands are tied I need her testimony she's dying to supposedly at the bottom line her testimony was not received is that what you're saying she did not come in and testify we don't know why the judge encouraged it said please work with the prosecutor to allow if you if she wants to testify perhaps they can modify the protective order and she can come in and testify and he never did that and the judge even told him the immigration said judge said without her testimony I'm going to have to draw negative inference you're talking about Mr. Rodriguez is saying that this is his testimony um Mr. I'm sorry the police report was in in evidence and basically the the immigration judge did want to hear from uh Ms. Cruz but the petitioner's attorney um had made the court aware of a protective order said I can't bring her in and the judge and there was at least two conversations on the record where the judge said can't you file a motion to to say you need her and he just came back and in fact the judge told told petitioner's counsel that my biggest concern are two things this um you need to uh come back and and and tell me you know you need to do what you can to proffer her testimony because the judge really wanted to know what exactly happened during this incident they had the police report judges the immigration judge yeah the immigration judge was in I believe you'll find when you read the record bending over backwards to accommodate at one point he told petitioner how long do you need to try and get this um I I really am concerned about one you didn't even follow the 2016 taxes or your client didn't he said I want him to do that uh two I want him to work on getting the testimony of the wife how long do you need to do this and and petitioner's attorney responds on administrative record page 358 not long I'm just concerned about petitioners he has surgery upcoming so we have to work around that again he's not concerned about um doesn't seem concerned at all there's no the immigration judge is not rushing this along um the board the the bottom line is that petition immigration judge find a way to get testimony from someone even if there's a no contact order in place the the uh lawyer can't for the alien can't necessarily control what the state court is going to require as far as contact or no contact doesn't the immigration proceeding have some mechanism they could use to hear from her even if there's no contact order well I suppose that um they could have issued a subpoena or something but I think the judge was trying to be sensitive to the situation this is a woman who has accused her husband of beating her and there was a pretty violent incident and and I think the judge was have to be present when she testifies well I mean he could he could have taken care of that too but again what do you mean he could have taken care of it he could have well I'd I'd say I'm not sure he has a right to hear the witnesses it depends on what she was going to say if she was testifying against him we don't really know what the wife was going to say but he but the wave is right to presence if it's necessary to get her in I don't understand why you guys couldn't work out getting her test well I think the judge wanted to hear from from the wife we have the police report and petitioner was denying none of that happened absolutely petitioner said every single thing that he threw to the ground he choked her the police documented she had bruises and scratches all over her body this is written by the police um the police documented that there was that she told them there was prior instances of abuse it documents that she had been assigned a community advocate um to to reach out to if her husband was abusing her again so that she um could contact the police on her behalf um he's saying none of that happened um and he he made there's no record evidence that he made any efforts to bring her into court petitioner could have subpoenaed her he didn't do that um he didn't he told the judge he was working with the prosecutor to get the possibly file a motion and get the protective order released so she could come with an x number of feet of him and testify but he didn't do that what about the the state charges when um why wasn't he transferred for purposes of the state is this or is he in a different holding facility for immigration hold than he would be for the state the the petitioner was initially uh apprehended and held by the state then released on bond and turned over to ice custody um there's no factual basis in this record to say that well that ice defied lawful state orders um oh we have a few emails where apparently at some point petitioner's attorney was trying to get um a writ of i believe habeas to release petitioner so he could attend one of his criminal hearings and ice's response was in order to do this we need xyz language there's no i think it's very there's no factual evidence that that ice was defying any court orders i mean putting aside the sovereign immunity and jurors the the issue of whether a state court can order the federal agents to do something i i don't even want to get into that but there's simply nothing there's nothing from the state court that's no there's emails we have a trial on this date no did he miss any court hearings as a result not to my knowledge and in fact no it's not in the record and at one point that um at two different times in the administrative record transcript at the immigration trial stage the immigration judge asks petitioner or was he has asked petitioner's counsel was mr cruz able um to appear and make his appearance is he able to attend his criminal proceedings and petitioner's counsel says yes he doesn't say there's any problems um another time he specifically asked have you been making efforts again this is administrative record 297 asked petitioner's counsel have you been making efforts to get him released from ice custody um maybe transfer him back to the state so that he can resolve his criminal case first and petitioner's counsel says yeah i'm working with the with the prosecutor in that there's no indication at all during the immigration proceeding that there's any problems whatsoever with one petitioner trying to appear in his criminal case your time has expired i'd ask you to take a look at your page number so i'm looking right at the record here okay you say page 358 i see a wells fargo bank statement you're quoting things from page 297 and they're not on the page 297 and the certified record that's filed with our court so it would be helpful if you could clear that up okay on page 297 you don't have a transcript of the administrative record page 297 is part of a transcript yeah it doesn't have the quotes that you're um well this is where um the immigration just asked have you been getting him out of my page 297 so i don't know where you were what pagination you're using i'm using the okay i'm using the administrative record that was filed in this case i see and you page 358 has a transcript too huh um let me check yes it does this is where the judge asks um all right i understand the pagination and we've got an electronic copy of a certified record and it doesn't match what you're i don't know what to say about that other than it's hard to follow i apologize is that is there any chance that that is the appendix you're looking at the petitioner put together because he put he put a fairly lengthy one together but we submitted the administrative record yeah maybe that's a problem okay um we'll figure it out thank you very much okay it could be it could be that the two parties filed different things i don't know why why would you file an appendix that's got different pagination from the certified record you file an appendix mr nielsen i file uh you filed this big lengthy appendix right here yes that's the same thing as the administrative record that i received same pagination or did you i don't think it is but maybe the two of you could get together and see if you filed the same page numbers actually your i can see here that page 61 on the little the red whatever is the same as my page 61 uh and this is a certified uh oh this is yeah this is your page 358 is a wells fargo bank statement i know my 297 is if it's from a discussion miss bligh and the judge that is and a three what page was that 358 yes your honor wells fargo yeah she says 358 is a transcript quotation i i was trying to find those two should get together and not file different appendices with different pagination it all does is confuse things we ought to have one record that's the same page numbers for everybody correct these are the page numbers i have been using the entire time i know they're the ones you've been using that's why there's confusion i don't know who's are correct so go ahead you want to make a rebuttal yes your honor please uh very briefly judge kelly yes uh i believe initially you asked about the expounding by the bia on the factual record i think that is correct unfortunately i didn't have enough time to go through all that but yes the findings by the ij that there's a complexity in the united states tax code with whether or not their regular was found i think the bia did engage in additional facts impermissible fact finding or did not use appropriate standard uh second i want to address uh and use the remainder of my time to address uh the government council's uh statements regarding my representation of mr cruz in the criminal matter that is correct i represented him when she states that i was attempting to get him in that is correct page in the the record with the second case in this matter there are five pages of emails going back and forth with ice supervisors at ice it's um page 61 uh in the record submitted uh i was extremely frustrated to say i wasn't was is a complete mischaracterization of everything i did in this case and it i really objected that one but it to say i filed and filed and i used exact language of ice every single time every single time they refused it the sheriff in dakota county says i don't know this it's in the email i made a record i was incredibly frustrated throughout these proceedings at the lack of cooperation and lack of response i was receiving from ice i have done this hundreds of times before to writ out a person so i can go to court in the state to modify something the state court is not proceeding without his the defendant present unless there's without the defendant present we missed the fact what uh the allegation that mr cruz missed did not miss court state court criminal hearings is completely and utterly false he missed four i i can state that with 100 clarity the the register of accidents is in here i do not know if it reflects it but i know on a percent i was there he did not make his criminal court appearances because ice refused to state on the logistical things basically ice holds him in sherbourne county to get them from ice custody into state custody let's take him from sherbourne county drive him down take him to fort snelling transfer custody in the ice offices to the state facility because uh because of security and making sure the his property and all these types of things it's a very systematic procedure then he's transferred into the state custody taken to whatever county in the state of minnesota he needs to go to to make his appearance he stays there for as long as is necessary once that's resolved then he goes back to ice custody in fort snelling minnesota is redressed and reassigned a facility in uh one of the ice detention facilities that they have a contract with i thank you your honors and i will rest on the rest of very well the case is submitted